IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK HAMILTON,

                              Plaintiff,                              OPINION and ORDER

    v.

CONSUMER CELLULAR,                                                   24-cv-206-wmc

                              Defendant.

---

Derek Hamilton, proceeding without counsel, alleges that defendant Consumer Cellular breached its contract with him by refusing to accept a payment he made on January 24, 2024. Because Hamilton is proceeding without prepayment of the filing fee, this court must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e). In doing so, the court must accept Hamilton's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But even applying these standards, Hamilton's current allegations do not support a claim that this court can hear.

Hamilton's allegations are somewhat difficult to follow, but the court understands him to be saying that he sent a check for $160.56 as payment to Consumer Cellular on January 24, 2024, but the company did not accept it. An attachment to Hamilton's complaint shows Consumer Cellular did accept a credit card payment of $160.56 on January 31, 2024. (Dkt. #1-6, at 1.) Given that the company eventually accepted payment, it is not clear how Hamilton was harmed by the company's initial rejection of his check. That said, even if the

court assumes that Consumer Cellular's refusal to accept Hamilton's check was a breach of contract, this court cannot consider a state-law contract claim unless Hamilton shows that the requirements for the court's diversity jurisdiction are met: that he and defendant are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332.  Although Hamilton alleges that the parties are citizens of different states, he has alleged no legal basis for claiming more than $75,000 in damages.

To meet the amount-in-controversy requirement, a plaintiff suing in federal court must allege in good faith that "the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).  But the court cannot accept a plaintiff's allegations where the face of the pleadings demonstrates that plaintiff cannot recover the jurisdictional minimum.  *Id.*  "If the court determines that, as a matter of state damages law, it would be impossible to recover more than $75,000 based on the plaintiff's alleged injuries at the time of filing or removal, then the court lacks jurisdiction."  *Id.*; *see also Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978–80 (7th Cir. 2000) (holding that the court lacked jurisdiction because recovering the jurisdictional minimum would require a punitive damages award "bordering on the farcical").

Here, Hamilton claims more than $68,000,000 in damages, based on Consumer Cellular's refusal to accept a single payment of $160.56.  But the usual remedy for breach of contract is compensatory damages, which would include the damages that Hamilton incurred as a result of Consumer Cellular's alleged breach of contract.  *Barnes v. Gorman*, 536 U.S. 181, 187 (2002).  He does not explain how he incurred more than $68 million in damages as a result of the alleged contractual breach.  Moreover, punitive damages or damages for pain and suffering are not recoverable in contract actions.  *Id.*; *Hansen v. Texas Roadhouse, Inc.*, 2013 WI

App 2, ¶ 29, 345 Wis. 2d 669, 692, 827 N.W.2d 99, 110.  Thus, plaintiff has not plausibly alleged more than $75,000 in controversy, meaning this court lacks jurisdiction over this lawsuit.  If he wishes to pursue his state law contract claim, he may refile in state court.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  If Hamilton believes that he can plausibly plead a claim against Consumer Cellular over which this court has subject matter jurisdiction, he may file an amended complaint by the deadline set forth below.

ORDER

IT IS ORDERED that:

1.  Plaintiff Derek Hamilton's complaint is DISMISSED for lack of subject matter jurisdiction.

2.  Plaintiff may have until December 5, 2024, to submit an amended complaint.  If he fails to do so, this case will be closed.

Entered November 14, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge